THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LATRICE JARVIS, | : |
| Plaintiff, | : 3:20-CV-1828 |
| | : (JUDGE MARIANI) |
| v. | : |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : |
| Defendants. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

On January 8, 2020, Plaintiff Latrice Jarvis filed the above-captioned action in the United States District Court for the Eastern District of Pennsylvania, alleging claims under Title VII, the Pennsylvania Human Relations Act, and the Family Medical Leave Act, against her former employer, the Pennsylvania Department of Corrections. (Doc. 1). The Court ordered that this action be transferred to the United States District Court for the Middle District of Pennsylvania in September of 2020. (Doc. 12).

On October 13, 2020, Defendant filed an Answer (Doc. 16) to Plaintiff's Amended Complaint (Doc. 5).

On January 14, 2021, this Court granted Plaintiff's counsel's request to withdraw and stayed the above-captioned action for a period of 90 days "to afford Plaintiff sufficient time to retain new counsel who shall promptly enter an appearance in this action." (*See* Doc. 24).

Plaintiff's counsel thereafter filed of record a copy of the letter sent to Plaintiff Jarvis informing her of counsel's withdrawal and the 90-day stay as well as an email from Plaintiff's counsel to Plaintiff which also informed Plaintiff that counsel had been permitted to withdraw and that the action would be stayed for 90 days. (*See* Doc. 26). On May 13, 2021, no attorney having entered an appearance on behalf of Plaintiff Jarvis, and Plaintiff having not filed any documents of record, the Court *sua sponte* granted Plaintiff an additional 45 days, to wit, until June 28, 2021, to obtain counsel "with the admonition that, should an attorney not enter an appearance in this action within the next 45 days, absent good cause, Plaintiff will be required to proceed *pro se* or face possible dismissal." (Doc. 27).

On July 27, 2021, no attorney having entered an appearance on behalf of Plaintiff Jarvis and Ms. Jarvis not having filed any documents of record or otherwise contacted the Court, the Court deemed Plaintiff as proceeding *pro se*, lifted the stay in the case, and scheduled a case management conference to be held on August 25, 2021. (Doc. 28).

However, on August 19, 2021, in light of Plaintiff's failure to respond to this Court's Orders, and Defendant's counsel's representation that Plaintiff had not responded to counsel's attempts to contact her, this Court cancelled the case management conference and, upon Defendant's request, permitted Defendant the opportunity to file a Motion to Dismiss for Failure to Prosecute. (Doc. 33). In its Order, the Court further informed Plaintiff that "[s]hould Defendants file a Motion to Dismiss for Failure to Prosecute, Plaintiff shall file a

responsive brief within fourteen (14) days of service of Defendant's motion and supporting brief." (*Id.* at ¶ 3).

On August 25, 2021, Defendant filed a Motion to Dismiss for Failure to Prosecute (Doc. 35) and supporting brief (Doc. 36). Both documents were accompanied by a Certificate of Service indicating that "a true and correct copy" of the document was served by regular mail to Plaintiff's address of record. In support of its motion, Defendant asserts that "Plaintiff's failure to communicate regarding case management matters causes prejudice to Defendant in preparing for litigation of Plaintiff's own claims" and requests that this Court "dismiss Plaintiff's Complaint with prejudice due to her failure to prosecute this action." (Doc. 35).

Over one month having passed and Plaintiff having not yet responded to Defendant's Motion, on September 29, 2021, this Court issued an Order directing Plaintiff to file a responsive brief to Defendant's Motion to Dismiss for Failure to Prosecute and warned Plaintiff that "[f]ailure to respond to Defendant's motion may result in the dismissal of this action." (Doc. 38).

Plaintiff's response to Defendant's Motion was due on or before October 13, 2021. As of the date of this Order, Plaintiff has still failed to file a brief in opposition to Defendant's Motion, or any other document, of record or otherwise attempted to communicate with the Court.

The Court therefore deems Defendant's Motion to Dismiss for Failure to Prosecute (Doc. 35) ripe for resolution. For the reasons that follow, Defendant's Motion (Doc. 35) will be granted.

## II. ANALYSIS

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for failure to prosecute. Unless stated otherwise, "a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

District Courts in the Third Circuit are required to balance six factors in determining whether to grant such a dismissal with prejudice. These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "[N]ot all of the *Poulis* factors need be satisfied in order to dismiss a complaint. Instead, the decision must be made in the context of the district court's extended contact with the litigant." *Mindel v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (internal citation omitted).[1]

---

[1] Although the Court will undertake an analysis of the factors set forth in *Poulis*, the Court notes that when a litigant's conduct makes adjudication of the case impossible, such as in the present case due to Plaintiff's consistent disregard of the Court's Orders, "balancing under *Poulis* is unnecessary." *Azubuko v. Bell Nat'l Org.*, 243 F. App'x 728, 729 (3d Cir. 2007) (citing *Guyer v. Beard*, 907 F.2d 1424, 1429-1430 (3d Cir. 1990); *Spain v. Gallegos*, 26 F.3d 439, 454-455 (3d Cir. 1994).

Notwithstanding the fact "that dismissals with prejudice . . . are drastic sanctions," *Poulis*, 747 F.2d at 867, the Court finds that the *Poulis* factors warrant dismissal here.

This action has been pending for almost two years, and, due to Plaintiff's inaction and failure to communicate with this Court, no case management deadlines have been set and no discovery, including depositions, interrogatories, and requests for production of documents, can be completed. The delay caused by Plaintiff in failing to respond to this Court's Orders is highly prejudicial to Defendant, in that Plaintiff's unavailability and lack of communication with this Court and Defendant's counsel entirely prevents this case from proceeding forward and prevents Defendant from being able to prepare for litigation of the claims against it.

The current situation is wholly the fault of Plaintiff who has failed to file a brief in opposition to Defendant's pending motion. She has further disregarded all of this Court's Orders, first allowing her additional time to obtain counsel, then directing her to confer with Defendant to prepare a case management plan, and finally directing her to file a response to Defendant's current motion. In fact, Ms. Jarvis has not filed any documents in this action since her counsel was permitted to withdraw in January of 2021, including, as previously noted, a request to extend the stay in this action, any correspondence indicating whether she was attempting to retain counsel or intended to pursue this action *pro se*, and now, a response to Defendant's motion and this Court's Order. These facts all lend support to an inference that Plaintiff has abandoned this action. As a plaintiff proceeding *pro se*, Ms.

Jarvis is entirely responsible for timely responding to any Court Orders, as well as communicating with counsel for the opposing party when necessary. *See Briscoe v. Klaus*, 538 F.3d 252, 259, 258-259 (3d Cir. 2008) ("it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case. . . .").

Ms. Jarvis' failure to respond to any of the Court's Orders or to the Defendant's Motion to Dismiss has now placed this case in an untenable posture, without the ability for this Court, and the Defendant, to move this case towards completion. Furthermore, the Court can only conclude that this conduct was "willful," in that, since the time her counsel was permitted to withdraw approximately 11 months ago, Plaintiff has failed to ever file any documents, including responses to Court Orders and opposing counsel's motion. In so doing, Plaintiff has further demonstrated a clear pattern of dilatory behavior. *See Poulis*, 747 F.2d at 868 ("Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history by [a party] of ignoring these time limits is intolerable.").

Thus, *Poulis* factors (1), (2), (3) and (4) are clearly satisfied.

The Court also concludes that sanctions other than dismissal would not be effective. Plaintiff is proceeding *pro se*. Plaintiff is unrepresented and there is no reason to believe that she may be able to pay any form of monetary sanction. Here, Plaintiff has not filed any

documents of record since being deemed to be proceeding *pro se*, and, as explained, has failed to respond to, or even acknowledge, any Court Order or other filing since January of 2021. Plaintiff was provided notice by this Court that a failure to respond to Defendant's Motion to Dismiss may result in dismissal of this action (*see* Doc. 38, ¶ 1), and she has been provided ample time to file a response to Defendant's Motion or request that this Court provide her with additional time to address the motion. Ms. Jarvis was thus given every opportunity to pursue her case, conduct discovery, and avoid dismissal. *Poulis* factor (5) is therefore also satisfied.

This leaves the sixth factor, the meritoriousness of Plaintiff's claim. While one or more of Plaintiff's claims may be meritorious, the mere potential for merit cannot be enough to salvage the case when Plaintiff has failed to respond to this Court's numerous Orders and the Defendant's Motion to Dismiss, as well as not responding to Defendant's counsel's attempts to contact her to prepare for a case management conference. However, even assuming that the sixth factor is neutral or weighs against dismissal, "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindex v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Because *Poulis* factors (1), (2), (3), (4), and (5) weigh heavily in favor of dismissal, the Court finds sufficient justification to dismiss the case with prejudice.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Failure to Prosecute (Doc. 35) will be granted. A separate Order follows.

*[signature]*

Robert D. Mariani
United States District Judge